JOHN D. SMITH ET AL. *v.* ELY & WALKER DRY GOODS CO. ET AL.

1. CORPORATIONS. *Receiver. Ex parte petition. Chancellor.*

The appointment of a receiver for a corporation by a chancellor, in vacation before bill filed, on an *ex parte* petition of its stockholders, is void.

2. SAME. *Rights of creditors.*

When the appointment of a receiver for a corporation is void a creditor may sue it by attachment and garnish its assets in the hands of the pretended receiver, although he had deposited the assets with the attaching creditor.

FROM the chancery court of Sunflower county.

HON. A. MC. KIMBROUGH, Chancellor.

The Ely & Walker Dry Goods Company and others, appellees, were the complainants in the court below; Smith and others, appellants, were defendants there. In January, 1892, the Starling & Smith Company and all the other stockholders of the Baird Mercantile Company presented, in vacation, an *ex parte* petition to the chancellor, asking that a receiver be appointed to take charge of the property and affairs of the mercantile company, alleging that it was insolvent, and J. D. Smith was named in a writing, signed by the chancellor and purporting to be a decree of the chancery court, as receiver. The petition and pretended decree were then filed in the chancery court of Sunflower county, and Smith gave bond as required by the chancellor, with Lyne Starling, G. K. Smith,

and O. B. Crittenden as his sureties, in the penalty of $5,000, conditioned for the faithful discharge of his duties according to law and the orders of the court, and the bond was approved as if the appointment was valid. The recitals of the bond show that the receiver was appointed upon the *ex parte* application of the stockholders of said company. After his pretended appointment Smith took charge of the assets of the company, and collected over $4,000; made publication for all creditors to prove and register their claims, under order of the court; and at the December, 1894, term of the court reported a balance of $4,171.92 in his hands, which the court approved. The court then ordered him to pay expenses and some other items out of this sum, and to distribute the balance pro rata among such of the creditors as had registered their claims. All the complainants in this suit registered their claims, and the Starling & Smith Company, also a creditor of the mercantile company, filed its claim. Preparatory to making distribution of the money, the pretended receiver estimated the proportion due to the Starling & Smith Company, and that company credited the amount upon its books to the Baird Mercantile Company. J. D. Smith, the pretended receiver was president of the Starling & Smith Company, and for his convenience deposited the money, as he collected it, with that company. At the May term of the chancery court, the pretended receiver having shown good cause for not making the distribution previously ordered, was directed to make the distribution by the following June rule day. After the last-mentioned order, the Starling & Smith Company, being advised that the appointment of Smith as receiver of said Baird Mercantile Company was void, and that the court had no jurisdiction over the funds or assets of said company in the hands of Smith, sued out an attachment for $5,000 against the mercantile company in the circuit court of Washington county, and garnisheed Smith therein, which resulted in a judgment in favor of the Starling & Smith Company, under which the funds in the hands of Smith as such re-

ceiver were condemned and appropriated. Smith, notwithstanding this judgment, demanded of the Starling & Smith Company the money deposited with it in order to make the distribution as ordered by the court, which demand the Starling & Smith Company refused, and in June, 1895, Smith, as receiver, reported to the chancery court of Sunflower county the attachment proceeding by the Starling & Smith Company in the circuit court of Washington county, and the judgment therein, and the refusal of that company to pay over to him the money, as the reason why he could not make the distribution among the creditors of the mercantile company.

At the December, 1895, term of the chancery court of Sunflower county, the court granted leave to the appellees, creditors of the mercantile company, to bring suit against the pretended receiver upon his bond. In December, 1897, appellees filed their original bill in the chancery court of Sunflower county against J. D. Smith, whom they described as receiver, and the sureties on his bond, to recover the funds that came into his hands from the assets of the mercantile company, setting forth the foregoing facts, and claiming that the appellants were estopped from denying the validity of the receiver's appointment or the validity of the bond; that the Starling & Smith Company was estopped, because of the part it took in the receivership proceedings, from recovering the aforesaid judgment against the Baird Mercantile Company and said receiver; that appellants were estopped because of their connection with the proceedings and their relationship to the Starling & Smith Company, from pleading said judgment in bar to a recovery on the bond, and alleging that the receivership proceedings were intended by the Starling & Smith Company and by appellants to serve as a means of lulling appellees into nonaction, and of enabling the Starling & Smith Company at the same time to get into its hands all of the assets of the mercantile company, and thereby defraud appellees out of their claims. All the defendants demurred to the bill upon the grounds: First,

that the appointment of the receiver, having been made upon the *ex parte* petition of the debtor, without an adverse party thereto, and not in a pending suit, was void, and the bond, which recited the same defects, was also void; second, that the judgment recovered by the Starling & Smith Company in the circuit court of Washington county, a court of competent jurisdiction, in pursuance of its attachment against said mercantile company and garnishment of Smith, under which the funds in his hands were appropriated, was a bar to any recovery upon the bond; third, appellees were barred by the statute of limitations. The court below overruled this demurrer. Appellants then answered, denying the fraud charged in the bill, and setting up as grounds of defense substantially the same grounds as were taken by the demurrers. Proof was taken, and the cause heard on the bill, answer, and proof. There was a decree against appellants. From that decree they appealed to the supreme court.

*Campbell & Starling*, for appellants.

The appointment of the receiver, upon the *ex parte* application of the debtor, when there was no suit pending, nor any adverse party, was void, and the bond of the receiver, and every step taken in pursuance of such appointment, were likewise void. *Hardy* v. *McClellan*, 53 Miss., 507; *Whitney* v. *Bank*, 71 Miss., 1009. In truth, that fact is admitted by appellees in their amended bill; but their contention is that appellants are estopped from denying the validity of the receiver's appointment, or of his bond. We proceed at once to a discussion of that point.

We grant that the obligors on a valid bond are estopped from denying its recitals, whether such recitals relate to the official character of the principal therein or to any other fact; but there is no room for the application of that rule in the case at bar, because appellants do not deny the recitals of the bond sued on, but rely upon and confirm them. They say that the

receiver was appointed upon the *ex parte* application of the stockholders of the Baird Mercantile Company, and the recitals of the bond show the same thing. In many cases where the doctrine of estoppel has been applied to the obligors on a bond given in a judicial proceeding it was because of the recitals of the bond, the obligors being estopped from denying what they had solemnly affirmed by such recitals.

We grant that there are cases wherein the doctrine of equitable estoppel has been applied to obligors on a bond, even where the bond was given in a proceeding not within the jurisdiction of the court. For instance, equitable estoppel was applied to a replevin bond in the case of *Fahnestock* v. *Gilham*, 77 Ill., 637; to an injunction bond in *Hanna* v. *McKenzie*, 5 B. Mon., 314; in *Cumberland Coal Co.* v. *Hoffman*, 39 Barb., 16; *Adams* v. *Olive*, 57 Ala., 249, and in *Robertson* v. *Smith* (Ind.), 15 L. A. R., 273; to a guardian's bond in *Hines* v. *Mullins*, 25 Ga., 696, and perhaps to similar bonds in other cases. But in all of these cases the principal in the bond was an actor, a suitor, setting in motion, for his own benefit and advantage and to the detriment of some adversary, the machinery of the court, which ultimately proved to be void for want of jurisdiction. In the case at bar none of the obligors were suitors, and there was no adversary to be harmed, no "cause" in court, as held in *Whitney* v. *Bank*, *ubi supra*.

The receivership proceeding was simply a voluntary act on the part of the Baird Mercantile Company. No one was constrained to act, nor enjoined from acting thereby; and, if appellees saw fit to act upon that proceeding, without constraint, but voluntarily, when they knew, or should have known, its invalidity, they cannot justly blame anyone but themselves. The voidness of that proceeding was apparent upon the record. Appellees knew that they were not adverse parties thereto, or parties in any legal sense, and, in the absence of fraud, they cannot plead ignorance of the invalidity of the proceeding and invoke successfully the doctrine of equitable estoppel against

the obigors on the bond, which they knew was void, even if it be true that .equitable estoppel was properly applied in the cases cited.

But there are other cases which hold that a bond given in a proceeding void for want of jurisdiction in the court or officer assuming to act therein, is also void, and does not estop the obligors from denying the jurisdiction, or the invalidity of the bond.    They seem to apply the doctrine of estoppel by record, and hold that, where there is no valid record there can be no estoppel.    The recitals of the bond seem to cut no figure in such cases, on the ground that a void bond cannot estop.    *Benedict* v. *Bray*, 2 Cal., 250, s.c. 56 Am. Dec., 332; *Jenkins* v. *Parkhill*, 25 Ind., 477; *Caffrey* v. *Dudgeon*, 38 Ind., 512, s.c. 10 Am. Rep., 126; *Pac. Nat. Bank* v. *Mixter*, 124 U. S., 721; *Buckingham* v. *Bailey*, 4 Smed. & M., 538; *Boyd* v. *Swing*, 38 Miss., 18.

In some of these cases the bond was given to procure the enforcement of void process directed against an adverse party, while in others it was given in the course of void proceedings, for the purpose of dissolving the same, or of having property forthcoming to satisfy some judgment therein; yet it is stated in 4 Am. & Eng. Enc. L., 674, that bonds of the former kind are valid, while those of the latter kind are void, but this statement is used not with reference to estoppel, but with reference to what would be a sufficient consideration to support the bond.

Again, in some of the cases the distinction is made that where a court has jurisdiction of the subject-matter, but not of the person, in any proceeding, a bond given therein may be enforced, and will estop the obligors therein from disputing its recitals; but, where a court has no jurisdiction of the subject-matter, a bond given therein is void, and the obligors thereon will not be estopped from disputing its recitals.    That distinction is adverted to in some of the cases cited, and in others that could be cited.

In *Hauenstein* v. *Gillespie*, 73 Miss., 742, which was a suit on the bond of a guardian who had been appointed in Noxubee county, the bond recited that the ward was of that county, and the obligors denied liability on the bond on the ground that when the guardian was appointed, the ward was not a resident of that county, and the court had no jurisdiction over him, and the appointment of the guardian was therefore void.

The question in that case decided by the court as stated by the court was: Are appellants estopped by the recital of the bond, which they signed as sureties, to deny the appointment of their principal as guardian? And the court decided that they were estopped thereby.

Much of the argument of the court in that case was based on equitable estoppel, but the decision was based on the recitals of the bond. We understand that case as holding, not that a bond given in a proceeding void for want of jurisdiction of the subject-matter would estop the obligors therein, but that where the court has jurisdiction over the subject-matter but not over the person in any proceeding, a bond given therein may be enforced, because the beneficiary may waive the want of such jurisdiction, ratify the act of the court in taking the bond, and recover thereon. Want of jurisdiction over the person may be waived, and such jurisdiction conferred by consent, and where the defect in any proceeding arises from want of jurisdiction of the person, a bond given therein may be enforced, and the obligors therein will be estopped by its recitals.

Many cases upon the subject of estoppel by sureties to deny liability upon their bond will be found in 24 Am. & Eng. Enc. L., 746; and nearly every case there cited wherein estoppel was applied was because of the recitals of the bond. Equitable estoppel was rarely applied.

If it be true, however, that appellants are estopped from denying the due appointment and official character of the receiver, they are not estopped from showing that the condition of their

bond was rendered impossible of performance by an act of the law; and this brings us to a consideration of the judgment recovered, in the circuit court of Washington county, by the Starling & Smith Company against the Baird Mercantile Company and said receiver, pending the receivership proceedings.

The obligors in a bond, where there has been no precedent wrong or trespass, may escape liability thereon by showing that its condition, possible when given, has become impossible of performance by an act of the law. *Young* v. *Pickens*, 45 Miss., 553; *Irion* v. *Hume*, 50 Miss., 419; 4 Am. & Eng. Enc. L. (2d ed.), 689.

The authority last cited refers to cases which hold that an act of a court is not always an act of the law. That is doubtless true in some instances, but ordinarily an act of the judicial department of the government is as much an act of the law, when acting within its limits, as is an act of the legislative department when acting within its limits.

In the case at bar the Baird Mercantile Company voluntarily turned over to the chancellor its assets, and asked him to appoint a receiver to take charge of them, which was done. The appointment of the receiver was void, as has been shown, and subject to collateral attack by anybody, as held in *Whitney* v. *Bank*, *ubi supra*, and the assets in the hands of the receiver under such appointment were liable to seizure. The Starling & Smith Company, learning of the invalidity of the receivership proceedings and fearing other creditors might seize the assets, sued out an attachment against the Baird Mercantile Company and garnished the alleged receiver and obtained judgment against both, under which the funds covered by the receiver's bonds were appropriated. The circuit court of Washington county, wherein these judgments were rendered, was a court of competent jurisdiction. The receivership proceedings were void, and, therefore, no barrier to a proper exercise by the circuit court of Washington county of its jurisdiction.

Appellees, in their bill, confess this judgment in favor of the Starling & Smith Company, but seek to avoid its effect by alleging fraud and estoppel on the part of said company. They alleged as fraud that the Starling & Smith Company designed, pursued, and used the receivership proceedings as the means of getting the assets of the Baird Mercantile Company into its hands, for the purpose of defeating and defrauding appellees out of their claim; but there is no evidence of such fraud and none was offered. On the contrary, appellants proved that no such purpose actuated the Starling & Smith Company, and that there was no fraud. Fraud is never presumed, it must be proved.

*Johnson & Chapman,* for appellees.

1. The final decree ordering distribution of the assets in the hands of Smith, whether his appointment as receiver be valid or invalid, is not void, but it was a valid judgment, binding upon all the parties to the suit.

The Starling & Smith Company became a party to the suit by proving their claim therein. It thereby entered its appearance in the cause and submitted its rights to the jurisdiction of the court. *Young* v. *Rankin,* 4 How. (Miss.), 27. Any taking part in the proceedings will constitute a general appearance. 2 Enc. P. & P., 639; *Ib.,* 643; *Ib.,* 651. In fact, the opinion of the court in the very case relied upon to establish the nullity of the appointment of Smith as receiver (*Whitney* v. *Bank,* 71 Miss., 1009) is authority for our contention that the creditors who entered an appearance in the case, as the Starling & Smith Company did, are bound by the decree rendered therein. When the creditors so entered their appearance, nearly all of the assets of the mercantile company had been collected by Smith. Instead of having a new receiver appointed, as they could have done, they ratified the previous efforts to appoint Smith, they treated him as a receiver, and are now estopped to say that he was unauthorized to act as

such, or that he was not a receiver. Thereafter the decree for distribution by Smith was made for the benefit of the creditors who had so appeared, and that decree bound all the parties to it. *Cohen* v. *Trowbridge*, 6 Kan., 385; *Carver* v. *Shilly*, 17 Kan., 472.

2. The appellants, sureties on Smith's bond as receiver, are estopped by the record of the suit, and cannot be heard to deny their validity.

It may be stated generally that the legality of the appointment of a receiver cannot be questioned in a collateral proceeding by defendants who have fully and completely recognized such officer as legally appointed. 20 Am. & Eng. Enc. L., 109; *Rumsey* v. *Peoples Ry. Co.*, 55 S. W. (Mo.), 615; *in re Gilbert*, 68 N. W. (Wis.), 863; *Furnace .Co.* v. *Sorenson*, 80 Wis., 594; *Lawson* v. *Stacey*, 82 Wis., 303; *Olson* v. *O'Brien*, 46 Minn., 87. It is a familiar principle of law that a party accepting and retaining the fruits of a void judgment is estopped from assailing the judgment itself. *Kile* v. *Yellowhean*, 80 Ill., 208; *Embury* v. *Conner*, 3 N. Y., 511; *Hitchcock* v. *Railroad Co.*, 25 Conn., 516. Most surely, after Smith and the Starling & Smith Company have appeared in the chancery court, set its machinery in motion, by its aid collected the assets of the mercantile company, and appropriated the proceed *pro rata* to the payment of debts, including the debt to the Starling & Smith Company, cannot object to the jurisdiction of the court whose powers they invoked, nor question the validity of its proceedings.

3. The appellants are estopped by the recitals of the bond executed by them. On this subject let us say, in the outset, that the early cases in our books pertinent to the question (*McNutt* v. *Lancaster*, 9 Smed. & M., 970; *DeSoto* v. *Dickson*, 34 Miss., 150; *Thomas* v. *Burrows*, 23 Miss., 550; *Boyd* v. *Swing*, 38 Miss., 182) are practically overruled by later cases. *Byrne* v. *State*, 50 Miss., 688; *Taylor* v. *State*, 51 Miss., 82; *Hauenstein* v. *Gillespie*, 73 Miss., 742. These later decisions are

founded on the better reason, and are controlling. *State* v. *McDonald*, 40 Pac. (Idaho), 312; *Sehradsky* v. *Dunklee*, 48 Pac. (Col.), 666; *Robertson* v. *Smith*, 15 L. R. A. (Ind.), 273; *Person* v. *Thornton*, 5 So. Rep. (Ala.), 470; *LeStrange* v. *Roche*, 58 Md., 26; *Kling* v. *Connell*, 17 So. Rep. (Ala.), 121; 2 Herman on Estoppel, sec. 633; *Hardy* v. *McClellan*, 53 Miss., 512.

4. There were positive frauds on the part of Smith, as receiver, in misappropriating funds which came to his hands, of which the law will not allow him and his sureties to take advantage; and, besides, he is liable to account for the money appropriated by him as his compensation for acting as receiver.

CALHOON, J., delivered the opinion of the court.

The proceeding by the stockholders of the Baird Mercantile Company by bill in equity, averring its insolvency, with no party defendant, and praying for a receiver to collect its assets and distribute *pro rata* to its creditors, was absolutely void. It could not support itself or anything connected with it. The bond given by the receiver attempted to be appointed in this void proceeding was, therefore, also a nullity. Moreover, it showed by its own recitals that it was a nullity. The evidence shows, as we think, absolute good faith. The stockholders who filed the bill, their attorneys and the creditors manifestly thought the proceeding valid, and that the court had jurisdictiction to hear and determine it. It was a mistake all around, but with the utmost *bona fides*. All the creditors thought it valid, for all registered their claims in order to obtain their *pro rata* shares in the expected distribution by the receiver. Of course the proceeding bound nobody, and might be collaterally attacked anywhere. Any creditor might have ignored it and sued at any time during its pendency. It was merely a question of diligence. The Starling & Smith Company did sue, and got judgment against the insolvent corporation and the receiver, as any other creditor might have done. It is no

answer that the receiver, so called, had, for his own conven-
ience, deposited his collections with the Starling & Smith Com-
pany, any more than if he had made the deposit with any other
creditor, or any other person.

Our view of the law and the facts conducts us to a conclusion
different from that arrived at by the learned chancellor, and the
cause is

*Reversed, and a decree entered here dismissing the bill, at
the costs of appellees.*